**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-25868-DPG**

**THE GALLEON GUILD LTD,**

**Plaintiff,**

**v.**

**THE PARTNERSHIPS,**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

**Defendants.**
_______________________________________/

**FINAL DEFAULT JUDGEMENT AND PERMANENT INJUNCTION**

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Entry of Default Judgment ("Motion"). [ECF No. 16]. The Court granted the Motion in a separate Order, [ECF No. 18]. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate default final judgment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Jurisdiction. This Judgment is subject to the jurisdictional constraints of the Lanham Act. *See Steele v. Bulova Watch Co.*, 344 U.S. 280 (1952); *Int'l Café, S.A.L. v. Hard Rock Café Int'l (U.S.A.), Inc.*, 252 F.3d 1274, 1278–79 (11th Cir. 2001).

2. Permanent Injunctive Relief. As to each Defendant listed on the attached Schedule A, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Order are hereby **PERMANENTLY RESTRAINED** and **ENJOINED** from:

a. using Plaintiff's registered trademark in marketing, advertising, soliciting, selling or offering for sale, derivative or directly, which is not authorized by Plaintiff;

b. further infringing on the HIBIBUD trademark;

c. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant and those with notice of this Permanent Injunction, including, without limitation, all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart, Inc., sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") and their related companies and affiliates on which this Court imposed restraints under the Preliminary Injunction shall:

i. immediately and permanently discontinue the use of the Plaintiff's trademark, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based ecommerce stores operating under the Seller Aliases;

ii. apply any funds currently in Defendants' financial accounts to satisfy the monetary judgments.

3. Statutory damages in favor of the Plaintiff pursuant to 15 U.S.C. § 1117(c) are determined to be $50,000 per type of product against each Defendant, for which let execution issue, based upon the Court's finding that the Defendants infringed on the Plaintiff's registered trademark. The Court considered both the willfulness of the Defendants' conduct and the

deterrent value of the award imposed, and the award falls within the permissible statutory range under 15 U.S.C. § 1117(c).

4. All funds currently restrained or held on account for all the Defendants by all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including, but not limited to, Walmart, Inc. ("Walmart"), PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), and their related companies and affiliates, are to be immediately (within five (5) business days) transferred by the previously referred to financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms and by the Defendant, to the Plaintiff and/or the Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against each Defendant. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart, PayPal, Payoneer and their related companies and affiliates shall provide to the Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) the total funds released per Defendant to the Plaintiff.

5. Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

6. The Court retains jurisdiction to enforce this Judgment and permanent injunction.

7. The Court **ORDERS** execution to issue for this Final Default Judgment.

8. The Court retains jurisdiction to enforce this Final Default Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of October, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

**Schedule A – Defaulting Defendants for Default Judgment (10 Defendants)**

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 1 | SHUANGYING | https://www.walmart.com/global/seller/102921338 |
| 2 | guangzhoukuangyangkejiyouxian | https://www.walmart.com/global/seller/102901103 |
| 3 | sichengstore | https://www.walmart.com/global/seller/102916415 |
| 4 | tingrongstore | https://www.walmart.com/global/seller/102860408 |
| 5 | xiqiguaileshop | https://www.walmart.com/global/seller/102737264 |
| 6 | Yougou Toy Store | https://www.walmart.com/global/seller/101247643 |
| 7 | HGAJDFE | https://www.walmart.com/global/seller/102758270 |
| 8 | Digitalized | https://www.walmart.com/global/seller/103151514 |
| 9 | Limei Co. Ltd | https://www.walmart.com/global/seller/101129570 |
| 10 | Kanakura | https://www.walmart.com/global/seller/101681012 |